IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUINTON ARNOLD,

                Plaintiff,

v.                                                                1:10-cv-0479-WSD

U.S. BANK, N.A., et al.,

                Defendants.

## ORDER

On February 19, 2010, Plaintiff Quinton Arnold ("Plaintiff") filed this action against, inter alia, Unity Mortgage Corporation and Wells Fargo Bank, N.A.[1] Plaintiff's complaint is largely incoherent, but he appears to seek injunctive relief to prevent a foreclosure on a note secured by a deed to his residence at 55338 Frontier Court, Ellenwood, Georgia. Plaintiff contends the note is void as a result of certain fraudulent conduct on the part of his lenders, including certain transfers and assignments to other entities.

Plaintiff alleges that on September 30, 2009, he received a notice of foreclosure under power of sale. On February 25, 2010, Plaintiff filed a motion to stay the foreclosure and on March 8, 2010, Plaintiff filed a motion for an

---

[1] On March 8, 2010, Plaintiff filed an Amended Complaint that also named U.S. Bank, N.A. as a defendant.

"emergency injunction" seeking to enjoin the foreclosure sale.  Plaintiff indicated the foreclosure sale was scheduled for March 10, 2010.

In a conversation with the Court's courtroom deputy on March 10, 2010, Plaintiff represented that his property had been sold at public auction on February 2, 2010.  Plaintiff also indicated that he had filed an action in the Superior Court of Clayton County, in which he is contesting efforts to have him evicted, and he is seeking damages.

For jurisdiction in the federal courts to be present, there must be an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  A case that is moot is not an active case or controversy.  Minqkid v. United States Attorney General, 468 F.3d 763, 768 (11th Cir. 2006).  Injunctive relief, furthermore, is a prospective remedy that is intended to prevent future injuries. Adler v. Duval County School Board, 112 F.3d 1475, 1477 (11th Cir. 1997). When a court lacks the ability to grant injunctive relief and correct the conditions, the case or controversy is moot.  Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007).  Here, Plaintiff's property has already been sold at public auction and the Court does not have the power to grant Plaintiff the injunctive relief he seeks.  This action is moot.  Plaintiff is pursuing in state court the remedies that may be available to him.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Foreclosure [3] and Motion for Emergency Injunction [4] are **DENIED AS MOOT**.

**SO ORDERED** this 10th day of March, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE